## NOT DESIGNATED FOR PUBLICATION

### STATE OF LOUISIANA

### COURT OF APPEAL

### FIRST CIRCUIT

### 2019 CA 0156

### BLAKEWOOD, L.L.C.

### VERSUS

### MARSHA HANLON, DIRECTOR OF FINANCE CITY OF BATON ROUGE, PARISH OF EAST BATON ROUGE; JAMES LEBLANC, SECRETARY LOUISIANA DEPARTMENT PUBLIC SAFETY AND CORRECTIONS, OFFICE OF MOTOR VEHICLES

### CONSOLIDATED WITH

### 2019 CA 0157

### BLAKEWOOD, L.L.C.

### VERSUS

### KIMBERLY ROBINSON, SECRETARY, LOUISIANA DEPARTMENT OF REVENUE, JAMES LEBLANC, SECRETARY, LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, OFFICE OF MOTOR VEHICLES

*DATE OF JUDGMENT:*    NOV 1 5 2019

ON APPEAL FROM THE LOUISIANA BOARD OF TAX APPEALS
NUMBER L428 and 10881C
STATE OF LOUISIANA

CADE R. COLE, LOCAL JUDGE FOR THE BOARD OF TAX APPEALS

* * * * * *

Nicole Gould Frey
David R. Cassidy
Baton Rouge, Louisiana
Anderson O. "Andy" Dotson, III
Interim Parish Attorney

Counsel for Plaintiff-Appellant
Blakewood, L.L.C.

Counsel for Defendant-Appellee
Marsha Hanlon, Director of Finance

Jeffrey Greer Rice
Assistant Parish Attorney
Baton Rouge, Louisiana

City of Baton Rouge/Parish of East
Baton Rouge

Aaron B. Long
Antonio Ferachi
Adrienne D. Quillen
Baton Rouge, Louisiana

Counsel for Defendant-Appellee
Kimberly Robinson, Secretary of the
Louisiana Department of Revenue

* * * * * *

BEFORE: MCDONALD, THERIOT, AND CHUTZ, JJ.

**Disposition: AFFIRMED.**

2

**CHUTZ, J.**

Taxpayer-appellant, Blakewood, L.L.C., appeals the summary judgment of the Board of Tax Appeals (BTA) dismissing the Taxpayer's claims for the refund of taxes paid under protest against Tax Collectors-Appellees, the City of Baton Rouge and Parish of East Baton Rouge through its director of finance, Marsha Hanlon (City/Parish) and Kimberly Robinson in her official capacity as the secretary of the Department of Revenue for the State of Louisiana (Department). We affirm.

## BACKGROUND

The following facts are established by the record. The Taxpayer purchases residential mobile homes and leases them with a corresponding land lease at its Old Hammond Highway site in Baton Rouge, Louisiana. As of December 2017, the Taxpayer had purchased 41 mobile homes with the intention of acquiring a total of 77 mobile homes for its leasing inventory. The lienholder financing the purchases of the mobile homes required the title registration for notice to third parties of its interests. The Taxpayer submitted its exemption certificate with an application to register the title to each home together with an offer to pay the taxes and registration fees in an amount the Taxpayer considered undisputed. The Louisiana Department of Public Safety and Corrections, Office of Motor Vehicle (OMV) would not accept the exemption certificate and charged the Taxpayer state and local taxes, as well as penalties, interest, and fees for the homes. The Taxpayer paid the amounts of sales taxes under protest.[1]

On September 1, 2017, the Taxpayer filed a petition seeking refund of the taxes it had paid under protest against the City/Parish and a similar petition against

---

[1] The Taxpayer alleged that the total amount paid under protest as of December 2017 was $85,184.50 and subsequently amended its petition to include additional amounts of $21,451.70 through March 2018 and $24,725.80 through May 2018.

the Department seeking a refund of the payments it had made to the State.[2] The two matters were consolidated.

The Taxpayer filed a motion for summary judgment against each tax collector, averring entitlement to a judgment ordering refunds of all amounts of sales taxes it had paid under protest against the City/Parish and the Department. Cross-motions for summary judgment were subsequently filed by the City/Parish and the Department. After a hearing, the BTA issued a judgment on June 20, 2018, granting the cross-motions for summary judgment and dismissing the Taxpayer's claims for refund of payments made under protest. The Taxpayer suspensively appealed.[3]

## DISCUSSION

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. *Bannister Properties, Inc. v. State*, 2018-0030 (La. App. 1st Cir. 11/2/18), 265 So.3d 778, 787-88, writ denied, 2019-0025 (La. 3/6/19), 266 So.3d 902. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the adjudicating tribunal on the motion for summary judgment, the mover's burden on the motion does not

---

[2] The Taxpayer also named OMV as a defendant in each lawsuit "because it collects the state and local sales taxes on the purchase of mobile homes on behalf of" the City/Parish and the Department. Although the BTA overruled a declinatory exception of lack of jurisdiction over the person and a peremptory exception of no cause of action, requiring OMV to remain in the lawsuit, OMV, who did not file a brief in this court, has not appealed those determinations.

[3] The courts of appeal shall have exclusive jurisdiction to review the decisions or judgments of the BTA, and the judgment of any such court shall be subject to further review in accordance with the law relating to civil matters. La. R.S. 47:1435(A). And under La. R.S. 47:1436, it is undisputed that this court is the correct appellate court for review of this judgment.

require him to negate all essential claims of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).

The interpretation of a statute is a question of law that may be decided by summary judgment. When addressing legal issues, the appellate court gives no special weight to the findings of the BTA, but exercises its constitutional duty to review questions of law *de novo*. **Bannister Properties, Inc.**, 265 So.3d at 788.

On appeal, the Taxpayer raises the same issues it asserted before the BTA. Specifically, it complains that the BTA erred in concluding that it was a consumer for purposes of finding it owed sales taxes for its purchases of the mobile homes it placed on its Old Hammond Highway site for lease. The City/Parish and the Department maintain that under the applicable statutory provisions, the BTA correctly determined that the Taxpayer, as the consumer of the mobile homes it purchased to lease to tenants, owed to each collector the sales taxes paid by the Taxpayer under protest.

As noted by the BTA in its written reasons for judgment:

> Under Louisiana law, sales taxes are imposed on the sale, use, consumption, distribution, and storage for use or consumption in Louisiana of tangible personal property. [La.] R.S. 47:302(A). Factory built homes are not included in the definition of tangible personal property except as provided in [La.] R.S. 47:301(16)(g)[(iv)]. That subparagraph provides that factory built homes are considered tangible personal property for the purposes of sales and use taxes for the initial sale of a new factory built home from dealer to consumer, but only to [the] extent of forty-six percent of the retail sales price. It is undisputed that the mobile homes at issue here are factory built homes purchased new from a dealer. The only dispute is whether the Taxpayer is the "consumer" of the mobile homes.
>
> The term "consumer" is not defined under the Louisiana law for the purposes of sales tax. Looking to the common usage of the term,

5

the [BTA] notes that Merriam Webster's Collegiate Dictionary defines consumer as: "one that consumes ... one that utilizes economic goods ...." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 268 (11th ed. 2003). "Consume" is similarly defined as "to do away with completely ... use up ... to enjoy avidly ... to engage fully ... to utilize as a customer ... to waste or burn away ... to utilize economic goods ...." *Id.* The Supreme Court has defined the term consumer as an individual who purchases, uses, maintains, and disposes of products and services. *Cleco Evangeline, LLC v. Louisiana Tax Comm'n*, 2001-2162 (La. 4/3/02), 813 So.2d 351, 354-55 (quoting BLACK'S LAW DICTIONARY 316 (6th ed. 1990)).

The Taxpayer contends that its tenants are the consumers of the mobile homes. The Taxpayer supports its contention with the affidavit of its managing officer Joseph Hayes Brian and an attached sample Lease Agreement. The Lease Agreement states that the tenants are responsible for, among other things, paying utilities, changing light bulbs, interior pest control, and maintenance issues under $100. The Lease Agreement provides that the tenant is also responsible for damage done to the mobile home by the tenant's family, guests, and invitees, including "broken doors, windows, tiles, granite, scratches to floors, holes in sheetrock, tears in paint, etc." According to the Lease Agreement, if the "Dwelling Unit or Premises should suffer serious damage or destruction during the Term of the Lease Agreement, Tenant shall seek other accommodations until the repairs are made and will not be responsible for Rent during that time." The Lease Agreement also grants the tenant the option to purchase their dwelling unit after renting the unit for at least 12 years for $1000 or the appraised value of the mobile home at the time the tenant exercised the option to purchase. The Lease Agreement gives the sole and exclusive discretion to decide which price to charge for the purchase of the mobile home to the Taxpayer. In addition, any sale of the mobile home to the tenant must permit the Taxpayer a right to match any offer to purchase the mobile home from a subsequent prospective buyer. Finally, the Lease Agreement affords the Taxpayer the right to sell the mobile home during the term of the lease and, if the Taxpayer decides to sell the mobile home, to "terminate this Lease Agreement at the end of the term of this Lease Agreement or earlier." ...

Based on the evidence submitted, the [BTA] finds that the Taxpayer's tenants enjoy some use of the mobile homes. ...

However, the Taxpayer also utilizes the mobile homes. The Taxpayer used the homes by utilizing them as rental properties. The Taxpayer is responsible for maintenance of the mobile homes with respect to repairs of $100 or more. In addition, the Taxpayer retained the right to sell the mobile homes during the term of the lease, and thus could dispose of the property. Based on these facts, the [BTA] concludes that the Taxpayer used, maintained, and could dispose of the mobile homes.

An exclusionary provision is one which removes a certain transaction from the scope of the transaction *ab initio*. *Harrah's*

6

> *Bossier City Inv. Co. v. Bridges*, 2009-1916 (La. 5/11/10), 41 So.3d
> 438, [448]. According to [La.] R.S. 47:301(16)(g)(i), a mobile home is
> not tangible personal property. Therefore, the sale of a mobile home
> would not normally be subject to sales tax. Thus, the [BTA] agrees
> with the Taxpayer that [La.] R.S. 47: 301(16)(g)(i) removes mobile
> homes from the scope of taxation *ab initio* and is an exclusion.
>
> However, the salient statutory provision here is contained in
> [La.] R.S. 47:301(16)(g)(iv). That provision has the effect of bringing
> mobile homes back within the scope of taxation. Thus, the relevant
> provision is an imposition statute. ...
>
> [T]here is nothing that requires the term "consumer" to mean
> "resident[.]" [T]he [T]axpayer ... is a user of this "tangible personal
> property," and therefore the transactions at issue are subject to tax.

We find no error in the BTA's interpretation and, hence, its application of the provisions of La. R.S. 47:301(16)(g). And having rejected the Taxpayer's contention that it was not a consumer and thus owed no sales taxes on the mobile homes the dealer sold it, the BTA correctly granted summary judgment in favor of the City/Parish and the Department on this basis.

On appeal, the Taxpayer asserts, in the alternative, that if the mobile home constituted tangible personal property at the time of the purchase, the purchase was not a "sale at retail," such that the full amount of sales taxes collected was not owed under La. R.S. 47:302(10)(a)(iii).[4] We initially point out that at the hearing before the BTA, the Taxpayer appeared to have conceded that this contention was without merit. Therefore, the BTA did not consider or expressly rule in its detailed reasons for judgment on this alternative basis asserted by the Taxpayer in support of summary judgment. Under the provisions of La. C.C.P. art. 966(F), "A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." Having withdrawn its contention at the hearing, we question whether the purchase of a mobile home by the Taxpayer excluded from the definition of "sale at retail" was an issue under

---

[4] It is undisputed that under the provisions of La. R.S. 47:301(10)(a)(iii), the application of the sale-for-lease exclusion to a taxpayer reduces its sales tax liability from the rate of 5% to 2% and, for later transactions, that no sales tax is owed.

7

consideration at the time of the hearing. But even if we were to consider the merits of the issue, the Taxpayer's alternative contention is without merit.

According to the relevant provisions of La. R.S. 47:301(10)(a)(iii), "'Retail sale' or 'sale at retail' for purposes of sales and use taxes imposed by the [S]tate on transactions involving … the lease … of tangible personal property other than automobiles … means a sale to a consumer or to any other person for any purpose other than … for lease … in an arm's length transaction in the form of tangible personal property." As already noted, the provisions of La. R.S. 47:301(16)(g)(i) provide "the term 'tangible personal property' shall not include factory built homes." Although the initial sale of a mobile home from the dealer to the Taxpayer constituted tangible personal property to the extent of forty-six percent of the retail sales price under Subsection (16)(g)(iv), the subsequent lease of a mobile home from the Taxpayer to a tenant cannot constitute a "lease … in the form of tangible personal property" under Subsection (16)(g)(i) as required under Subsection (10)(a)(iii) to fall within the ambit of the exclusionary language contained in the definition of a retail sale or a sale at retail. Thus, the Taxpayer's alternative contention does not warrant a reversal of the summary judgment in favor of the City/Parish and the Department.

## DECREE

For these reasons, the BTA's judgment is affirmed. Appeal costs are assessed against Taxpayer-appellant, Blakewood, L.L.C.

**AFFIRMED.**

8